UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ALEC HAYWARD-PREAUS<br><br>                  Plaintiff,<br><br>v.<br><br>2) SMART FUTURE XPRESS, INC.<br>3) AMANDEEP SINGH,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 24-cv-00009-MTS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT SMART FUTURE XPRESS, INC'S MOTION TO DISMISS

Comes now, Defendant Smart Future Xpress, Inc. ("Smart") and files this Motion to Dismiss pursuant to 12 O.S. § 2012(B)(6) and Fed.R.Civ. 12(b)(6). Defendant Smart moves the Court to dismiss Plaintiff's Petition, with prejudice to the refiling thereof, as disclosing on its face, that Plaintiff's claim is barred by the two-year statute of limitations.[1] Because Plaintiff added Defendant Smart outside of the two (2) year statute of limitations period allowed for injury and because Plaintiff's amendment and addition does not relate back as allowed by 12 O.S. §2015, Defendant Smart is entitled to dismissal with prejudice.

### BACKGROUND AND PROCEDURAL POSTURE

1. Plaintiff filed his original action on March 16, 2023 in the district court of Ottawa County, Oklahoma, against Defendant Amandeep Singh as a result of a motor vehicle collision that occurred at approximately 10:15 p.m. on April 5th, 2021. (See *Plaintiff's Petition* attached as Exhibit 1).

---

[1] Smart provides analysis under both the Oklahoma and Federal Pleading Codes.

2. Summons was issued for Amandeep Singh ("Singh") on that same day. (See *State Court Docket Sheet*, attached as Exhibit 2).

3. The original date of service by which the suit was required to be served was September 12, 2023.

4. Per the docket, on September 1, 2023, Plaintiff filed a motion to extend the time allowed to serve Singh *and* added Smart as party to the caption in its request, although Smart was not originally named in Plaintiff's complaint, nor had any claim of record been filed against Smart. (See *Plaintiff's Motion to Extend Service Deadline* attached as Exhibit 3).

5. Plaintiff's motion to extend the service deadline was granted on September 5, 2023, extending the time to serve "defendants" even though Smart was not added to the case until the First Amended Petition filed thereafter. (See *Order Granting Plaintiff's Motion to Extend Service Deadline* attached as Exhibit 4).

6. As of the original date for service, September 12, 2023, Smart was still not a party to the suit.

7. Plaintiff filed his First Amended Petition on September 21, 2023 adding Smart as a new and different party, alleging new claims against Smart. (See *Plaintiff's First Amended Petition* attached as Exhibit 5).

8. An Affidavit of Service was filed on December 6, 2023, proclaiming that on November 4, 2023 the sister of the registered agent accepted service of process for Smart. (See *Affidavit of Service*, attached as Exhibit 6).

9. Singh accepted service on January 4, 2024. *See* Dk. 2, ¶ 4.

**ARGUMENT AND AUTHORITIES**

Pursuant to 12 O.S. 2011 § 2012(B)(6) and Fed.R.Civ. 12(b)(6), Defendant Smart files this

motion to dismiss as, on its face, the two (2) year statute of limitations to name Defendant Smart Future Xpress, Inc expired on April 5, 2023.

In Oklahoma, pursuant to 12 O.S. § 95, a Plaintiff for personal injury must bring an action "[w]ithin two (2) years." The alleged accident occurred on April 5, 2021 and suit was not brought against Smart until September 21, 2023. On the face of the pleadings, Plaintiff failed to bring their action against Smart within the proper statute of limitations and Smart is entitled to dismissal with prejudice. Further, Plaintiff cannot save his claims against Smart with the relation back doctrine under 12 O.S. §2015 and/or Federal Rules of Civil Procedure 15 because Plaintiff cannot satisfy the three requirements of the same that allow relation back to the date of the original filing.

Federal Rule of Civil Procedure 15 permits amendments to the pleadings *once* as a matter of course at any time before a responsive pleading is served. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In order for an amendment adding a new party to relate back to the date of the original complaint, all the conditions set forth in Rule 15(c) must be met. *Watson v. Unipress,* 733 F.2d 1386, 1389 (10th Cir.1984). Rule 15(c) allows amendments to relate back to the date of the original pleading when:

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). Likewise, under 12 O.S. § 2015, the Oklahoma legislature confirms the

following:

> C. RELATION BACK OF AMENDMENTS.  An amendment of a pleading relates back to the date of the original pleading when:
> 1.  Relation back is permitted by the law that provides the statute of limitations applicable to the action; or
> 2.  The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
> 3.  The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:
> a.  has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits , and
> b.  knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her.
> An amendment to add an omitted counterclaim does not relate back to the date of the original answer.

12 O. S. § 2015.

First, Plaintiff cannot plead mistake to save his claims against Smart. Mistake does not mean a mistake in failing to file against a certain party, but an actual mistake in the identity, like a *misnomer*. Lack of knowledge of the proper party or inadvertent failure to file does not meet the requirement. *Rylewicz v. Beaton Servs., Ltd.*, 888 F.2d 1175, 1181 (7th Cir. 1989); *Lewis v. City of New York*, 689 F. Supp. 2d 417, 435 (E.D.N.Y. 2010).

> Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

*Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *modified,* 74 F.3d 1366 (2d

Cir. 1996). Here, adding Smart is not correcting a misnomer such that Smart would know or should have known the case would have been brought against it *but for* said mistake, but attempting to revive claims already extinguished under the applicable statute of limitations, by adding it to a case filed against another, independent, party. "[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549, 130 S. Ct. 2485, 2494, 177 L. Ed. 2d 48 (2010). *See also Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 372 (4th Cir. 2014); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 853 (7th Cir. 2008).

      Even more fatal to Plaintiff's case against Smart is the lack of notice. For an amendment to relate back, the party to be added must have received notice of the action within the period of time set forth in the applicable statute of limitations. *Watson,* 733 F.2d at 1389. As the *Moore v. Doe* court found: because the Plaintiff did not move to amend his complaint to add defendant until after the accrual of his cause of action, and since that defendant thus was not served with notice within the time period prescribed by Oklahoma law, the claim against the to-be-added defendant was barred by the statute of limitations. *Moore v. Doe*, 13 F.3d 406 (10th Cir. 1993). There, Plaintiff did not seek to add the new party (Truck) until 3 years after the accrual of his suit, and Truck moved to dismiss. After dismissal, the court affirmed that "the district court therefore did not err in dismissing Mr. Moore's suit, since any claim against defendant Trunk would have been time-barred." *Id.* at *3. *See also Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 372 (4th Cir. 2014); *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1184 (3d Cir. 1994)( Thus, if a defendant did not receive notice of the Plaintiff's suit prior to the expiration of the statute of

limitation, the amendment does not relate back).[2]

New parties cannot be added by amendment after the statute of limitations has run *unless* the requirements of Rule 15(c), Federal Rules of Civil Procedure, have been met. *Bray v. Thomas Energy Sys., Inc.*, 1995 OK CIV APP 146, 909 P.2d 1191 *citing Fortune,* 477 U.S. 21(1986); *King & King Enterprises v. Champlin Petroleum Company,* 446 F.Supp. 906, 908 (E.D.Okla.1978). Thus, in order for amendment in to relate back, three elements must be met before relation back will be allowed, even when the result could be extinguishment of the claim: (1) same transaction or occurrence; **(2) the new party had notice of the action, prior to the expiration of the statute of limitations**; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1390 (10th Cir. 1984)(emphasis added). "[N]otice is the critical element involved in Rule 15(c) determinations." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968)

Here, Defendant Smart does not deny that its alleged involvement relates out of the same transaction or occurrence. However, there is no evidence Smart had notice of the action prior to the expiration of the statute of limitations . Although there is a question about the sufficiency of service on Smart, at the very earliest it knew or could have known was on November 4, 2023 (See Exhibit 6). This is fatal to Plaintiff's claims against Smart.

Plaintiff cannot prove that Defendant Smart had any notice, constructive or otherwise, of the lawsuit until the service on the sister of its registered agent, which occurred on November 4, 2023. Plaintiff also cannot prove that Smart knew, or should have known prior to the statute of

---

[2] "[R]elation back under Rule 15(c)(1)(C) depends on what *the party to be added knew or should have known*, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541, 130 S. Ct. 2485, 2490, 177 L. Ed. 2d 48 (2010) (emphasis added).

limitations running because the service date of November 4, 2023 is after the two year statute of limitations had run. The analysis stops there. Plaintiff claims fails, and Defendant Smart Future Xpress, Inc. is entitled to judgment.

## CONCLUSION

Because Plaintiff did not name Smart Future Xpress, Inc. within the time period required by 12 O.S. § 95, and because Plaintiff's amendment adding Smart Future Xpress, Inc. cannot relate back, Plaintiff's claims against Smart Future Xpress, Inc. fail as a matter of law. Therefore, Defendant Smart Future Xpress, Inc. is entitled to a dismissal of prejudice with respect to all of Plaintiff's claims.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
   & ANDERSON, L.L.P.


s/ Stuart D. Campbell
Stuart D. Campbell, OBA #11246
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
scampbell@dsda.com

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone (405) 319-3513
Facsimile (405) 319-3524
kmaddy@dsda.com

*Attorneys for Defendants Smart Future Xpress, Inc. and Amandeep Singh*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2024, a true and correct copy of the foregoing document was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

                                            *s/ Stuart D. Campbell*

8182823.1