UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ALEC HAYWARD-PREAUS<br><br>      Plaintiff,<br><br>v.<br><br>2) SMART FUTURE XPRESS, INC.<br>3) AMANDEEP SINGH,<br><br>      Defendants. | )<br>)<br>)<br>)<br>) Case No. 24-cv-00009-MTS<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT AMANDEEP SINGH'S ANSWER

Defendant Amandeep Singh ("Singh"), and for his answer to Plaintiff Alec Hayward-Preaus' ("Plaintiff") First Amended Petition (the "Complaint"), states as follows:

1. Singh is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2. Singh admits the allegations contained in paragraph 2 of the Complaint.

3. Singh admits the allegations contained in paragraph 3 of the Complaint.

4. Singh denies the allegations contained in paragraph 4 of the Complaint.

5. Singh adopts all responses to paragraphs 1-4 of the Complaint.

6. Singh admits Plaintiff was parked on the shoulder area of west-bound I-44 at approximately 10:15 p.m. on April 5, 2021, but is without the knowledge and information sufficient to admit or deny the remaining allegations contained in paragraph 6 of the Complaint, and therefore denies them.

7. Singh admits he was west-bound on I-44 and rear-ended Plaintiff but denies the remaining allegations within paragraph 7 of the Complaint.

8. Singh is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore denies them.

9. Singh admits he was cited under 47 O.S. § 11-901 by Trooper Rohr in citation number N229697.

10. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, he admits Smart Future Xpress, Inc. is a motor carrier operating under the Federal Motor Carrier Safety Regulations but denies its USDOT number as written.

11. Singh denies the allegations contained in paragraph 11 of the Complaint.

12. Singh adopts all responses to paragraphs 1-11 of the Complaint.

13. Paragraph 13 is a statement of law to which no response is required.  To the extent a response is required, Singh denies the allegations contained in paragraph 13 of the Complaint insofar as they do not accurately state Oklahoma law and Singh's lawful duties.

14. Singh denies the allegations contained in paragraph 14 of the Complaint.

15. Singh is without knowledge or information sufficient to admit or deny what injuries Plaintiff allegedly has, and therefore denies the same. He further denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Singh denies the allegations contained in paragraph 16 of the Complaint.

17. Singh admits the allegations contained in paragraph 17 of the Complaint, but denies there was "a crash."

18. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, he admits Smart Future Xpress, Inc. owned the vehicle in question.

19. This paragraph is not directed to Singh, and, therefore, no response is necessary and is a statement of law to which no response is required. To the extent one is, he admits Smart

Future Xpress, Inc. is a motor carrier operating under the Federal Motor Carrier Safety Regulations and Oklahoma Statutes.

20. This paragraph is not directed to Singh, and, therefore, no response is necessary and is a statement of law to which no response is required. To the extent one is, Singh denies the allegations contained within paragraph 20 of the Complaint.

21. This paragraph is not directed to Singh, and, therefore, no response is necessary and is a statement of law to which no response is required. To the extent one is, Singh denies the allegations contained within paragraph 21 of the Complaint insofar as they do not accurately state Oklahoma law and Smart's lawful duties.

22. Singh denies the allegations contained within paragraph 22 of the Complaint.

23. Singh is without knowledge or information sufficient to admit or deny what injuries and damages Plaintiff allegedly has, and therefore denies the same. He further denies the remaining allegations contained in paragraph 23 of the Complaint.

24. This paragraph is a statement of law and Plaintiff's claim to which no response is required. To the extent a response is required, Singh denies the allegations contained in paragraph 24 of the Complaint.

25. Singh is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint, and therefore denies them.

26. Singh adopts all responses to paragraphs 1-25 of the Complaint.

27. This paragraph is not directed to Singh, and, therefore, no response is necessary and is a statement of law to which no response is required. To the extent one is, Singh denies the allegations contained within paragraph 27 of the Complaint insofar as they do not accurately state Oklahoma law and Smart's lawful duties.

28. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, Singh denies the allegations contained within paragraph 28 of the Complaint.

29. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, Singh denies the allegations contained within paragraph 29 of the Complaint.

30. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, Singh denies the allegations contained within paragraph 30 of the Complaint.

31. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, Singh denies the allegations contained within paragraph 31 of the Complaint.

32. Singh adopts all responses to paragraphs 1-31 of the Complaint.

33. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, Singh admits Smart Future Xpress, Inc. owned the vehicle driven by Singh at issue within this litigation.

34. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, Singh denies the allegations contained in paragraph 34 of the Complaint.

35. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, Singh is without the knowledge and information sufficient to admit or deny whether Plaintiff has a loss and therefore denies the same. Singh also denies the remaining allegations contained within paragraph 35 of the Complaint.

36. This paragraph is not directed to Singh, and, therefore, no response is necessary. To the extent one is, Singh is without the knowledge and information sufficient to admit or deny the allegations contained within paragraph 26 of the Complaint and therefore denies the same.

37. Singh adopts all responses to paragraphs 1-36 of the Complaint.

38. Singh denies the allegations contained in paragraph 38 of the Complaint.

39. Singh denies the allegations contained in paragraph 39 of the Complaint.

40. Singh denies all allegations contained in the Complaint which are not specifically admitted or denied above.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Any alleged damages to Plaintiff, which Singh denies, are the result of the acts or omissions of Plaintiff or other third parties over whom Singh has no control and for whom it has no responsibility, and were not due to the actions of Singh.

3. Plaintiff failed to mitigate any of his alleged damages.

4. In the event it is determined that negligence was committed by Singh, such negligence was a "mere condition" and was not the cause of Plaintiff's alleged injury and damages.

5. While denying any and all negligence, fault or liability, Singh states that any injury or damages allegedly sustained by Plaintiff were caused, in whole or in part, by other persons' or entities' contributory or comparative negligence, fault, and want of due care. Such negligence or fault of other persons or entities was greater than the negligence or fault of Singh, if any. The comparative fault of other persons or entities outside the control of Singh is a complete bar to recovery against this Defendant. Alternatively, Singh is entitled to a reduction of damages based upon the percentage of said other persons' or entities' negligence or fault.

6. To the extent Plaintiff has been or will be compensated by receiving payment from other persons or entities, the amount of any such compensation should be offset against any recovery Plaintiff may receive in this action.

7. Should a judgment be entered against Singh, Singh prays for determination and apportionment of fault between Singh and any other persons and/or entities who may or may not

be parties at the time this case was submitted to the factfinder and who caused or contributed to cause any injuries as claimed by Plaintiff in this action.

8. Plaintiff's claims for punitive damages are in violation of the Oklahoma and U.S. Constitutions.

9. Plaintiff's Complaint, to the extent it seeks punitive damages, violates Singh's right to equal protection under the law and is otherwise unconstitutional under the United States and the Constitution of the State of Oklahoma.

WHEREFORE, having answered and set forth its affirmative defenses, Defendant Amandeep Singh requests that judgment be entered in its favor and against Plaintiff on Plaintiff's claims, and that Defendant be awarded all other relief to which he is entitled at law and in equity.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
   & ANDERSON, L.L.P.

*s/ Stuart D. Campbell*
Stuart D. Campbell, OBA #11246
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
scampbell@dsda.com

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone (405) 319-3513
Facsimile (405) 319-3524
kmaddy@dsda.com

*Attorneys for Defendants Smart Future Xpress, Inc. and Amandeep Singh*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 25, 2024, a true and correct copy of the foregoing document was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

                                    *s/ Stuart D. Campbell*