IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALEC HAYWARD-PREAUS,

              Plaintiff,

v.

SMART FUTURE XPRESS, INC. et al.,

              Defendant.

Case No. 24-CV-9-JFH-MTS

ORDER FOR JOINT STATUS REPORT

Pursuant to LCvR16.1, the parties are directed to file an up-to-date Joint Status Report by:

**2/9/2024**

Joint Status Report forms are available in the Court Clerk's office or can be obtained from our public website at http://www.oknd.uscourts.gov. For the purpose of preparing the Joint Status Report, the parties shall, pursuant to Fed. R. Civ. P. 16 and 26, confer at least 14 days prior to the date the Joint Status Report is to be submitted to the Court.

Note that, pursuant to Fed. R. Civ. P. 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing the discovery plan portions of the Joint Status Report, and that pursuant to LCvR26.1, parties shall make initial disclosures unless they stipulate otherwise in the Joint Status Report. By this order, all parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a Magistrate Judge for resolution.

A scheduling conference may be set at a party's request or on the Court's own initiative. The parties shall indicate in their Joint Status Report whether they believe that a scheduling conference is necessary. If a scheduling conference is set, the Court will enter a Scheduling Order at the conclusion of the scheduling conference. If a scheduling conference is not set, the Court will enter a Scheduling Order based on the information provided by the parties in the Joint Status Report.

Additionally, the parties are advised that the Court has a significant number of criminal cases awaiting trial due to the COVID-19 pandemic and the decision of the Supreme Court in *McGirt v. Oklahoma*, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020). Criminal cases must be tried before civil cases, and civil cases will most likely not be tried before a district judge in the foreseeable future. The Court will address pending motions in civil cases as its schedule permits, however, the Court's ability to do so will be subject to the demands of its criminal docket.

Pursuant to Fed. R. Civ. P. 73, the parties in a civil case may consent to a proceeding before a magistrate judge, including for dispositive motions and/or a jury or nonjury trial. The AO-85

consent forms are available on the U.S. District Court website.  The parties are advised that they are free to withhold consent to proceed before a magistrate judge without any adverse consequences; the parties are reminded of this option only as a possible means of expediting the final resolution of their civil case.

      Please promptly review the Court's [Chambers Rules](#) on our website.

      Dated this 29th day of January 2024.

                                                                  _____
                                                                   JOHN F. HEIL, III
                                                                   UNITED STATES DISTRICT JUDGE