UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEC HAYWARD-PREAUS, an Individual,<br><br>　　　Plaintiff,<br><br>v.<br><br>SMART FUTURE XPRESS, INC. a Foreign for-Profit Corporation; and AMANDEEP SINGH, an Individual,<br><br>　　　Defendants. | Case No. 24-cv-00009-MTS |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS (DOC. NO. 14)**

　　Plaintiff Alec Hayward-Preaus responds in opposition to the Defendant Smart Future Xpress, Inc.'s Motion to Dismiss (Doc. No. 14) as follows:

　　Since July of 2020 – or earlier – Defendant Amandeep Singh has been the Incorporator, President, and Registered Agent of a motor carrier entity now named Smart Future Xpress, and shares an address with Defendant Smart Future Xpress. [Ex. 1: Indiana Business Information.] As of December 14, 2020, Smart Future Xpress obtained a name change to its current name. [Ex. 2: U.S. Dept. of Transportation Decision and Notices Released Dec. 17, 2020 at p. 1 (highlight added).] Prior to that, it appears that Defendant Amandeep Singh operated as a motor carrier entity carrying the same name – Amandeep Singh – but that entity's license or status as a motor carrier was revoked on December 17, 2020. [*Id.* at p. 41 (highlight added).] It appears that Defendant Amandeep Singh has, at times and places to be discovered by Plaintiff, operated as a "Carrier" with the legal name "Amandeep Singh," according to the Federal Motor Carrier Safety

Administration (FMCSA). [Ex. 3: USDOT Company Snapshot – Amandeep Singh (highlights added).] "Motor Carrier" is defined by the FMCSA as "[one who] operates commercial motor vehicles (CMV's) to transport property, passengers, or hazardous materials (HAZMAT) and is involved in commerce (transportation related to a business). It could be a company with several power units, or it could be an owner-operator." [Ex. 4: FMCSA Definitions.]

On April 5, 2021, in Ottawa County, Oklahoma, Mr. Hayward-Preaus was operating a tow truck and was legally parked, with emergency lights flashing, on the westbound shoulder of I-44 assisting a broken-down vehicle. [*See* Pl.'s First Am. Pet. 2, ¶ 6.] Defendant Amandeep Singh, inattentively operating a commercial vehicle owned by Defendant Smart Future Xpress, struck the tow truck from behind, seriously injuring Mr. Hayward-Preaus. [*Id*. at ¶¶ 7-8.] The Oklahoma Highway Patrol cited Defendant Singh for reckless driving in violation of 47 O.S. § 47.11-901. [*Id*. at ¶ 9.] Upon information and belief now held by Plaintiff, at all relevant times, Defendant Singh was a statutory employee and/or agent of Defendant Smart Future Xpress and, at the time of the collision, was acting in the course and scope of his employment under the direction of Defendant Smart Future Xpress, the owner of the semi-tractor truck. [*Id*. at ¶¶ 11, 13, and 16-18.]

On March 16, 2023, while represented by his former counsel, Andrew T. Doney, Plaintiff filed his original Petition in state court in Ottawa County Case No. CJ-2023-38, alleging claims of negligence against only Defendant Singh. [*See* Ex. 5: Original Pet., March 16, 2023, pp. 1-2.] Prior to the 12 O.S. § 2004(I) 180-day service deadline, through his current counsel, Plaintiff filed his Motion to Extend Service Deadline wherein he notified this Court that he was attempting to identify an additional defendant for purposes of filing an amended petition. [Pl.'s Mot. Extend Service Deadline, Sept. 1, 2023, Doc. No. 14-3 at ECF p. 1.] Plaintiff requested – and was granted for good cause shown – an additional 90 days to locate the additional party so Plaintiff could

amend the Petition. [Order Extending Service Deadline, Sept. 5, 2023, Doc. No. 14-4.] Quickly thereafter, Plaintiff identified Defendant Singh's employer, Smart Future Xpress and amended the original Petition as a matter of course under 12 O.S. § 2015(A), adding Smart Future Xpress as a Defendant. [*See* Pl.'s Am. Pet., Sept. 21, 2023, Doc. No. 14-5.] In initially naming only Amandeep Singh, Plaintiff mistakenly believed he was naming either the appropriate commercial entity or the owner-operator responsible for Plaintiff's injuries. His mistake was reasonable, given Defendant Singh's apparent history of operating as and being recognized by the FMCSA as a "carrier" called Amandeep Singh.

Plaintiff's commencement of this action was within the applicable two-year statute of limitations. 12 O.S. § 95(A)(3); *see also* Petition, March 16, 2023. Plaintiff's original Petition named Amandeep Singh as the sole Defendant. Plaintiff timely secured in the state court an extension of the service deadline from September 12, 2023, to December 11, 2023, after expressly representing that he intended to amend his Petition once he identified a second defendant. [Mot. Extend Service Deadline, Doc. No. 14-3; Order Extending Service Deadline, Doc. No. 14-4.] Plaintiff then amended the Petition naming both Defendants Singh and Smart Future Xpress. [*See* Pl.'s First Am. Pet., Doc. No. 14-5.] Plaintiff then promptly served Defendant Smart Future Xpress[1] on November 4, 2023 – well within the extended service period the state court granted for service of the original Petition. [Ex. 7: Affidavit of Service, Doc. No. 14-6.]

---

[1] Prior to removal, Plaintiff moved for, and was granted, an additional 90 days to serve Defendant Singh – until March 11, 2024. [Ex. 6: Order Extending Service Deadline, Dec. 6, 2023.]

Defendant Smart Future Xpress now seeks dismissal of Plaintiff's claims against it as untimely. For the reasons set forth herein, Defendant's motion to dismiss should be denied.

## ARGUMENT AND AUTHORITY

I. **PLAINTIFF'S CLAIMS AGAINST SMART FUTURE XPRESS ARE NOT TIME-BARRED.**

Defendant argues that Plaintiff's claims are barred by the statute of limitations, asserting "suit was not brought against Smart util September 21, 2023." [Doc. No. 14 at ECF p. 3.] Defendant's focus on the filing date of the First Amended Petition is misplaced. First, Plaintiff's original Petition naming Defendant Singh was timely filed within the requisite statute of limitations period of two years. Furthermore, since the claims against Defendant Smart Future Xpress arose out of the same conduct, transaction, or occurrence set forth in the original Petition, they relate back under Fed. R. Civ. P. 15(c)(1)(B). Finally, because Plaintiff would have named Smart Future Xpress initially but for a mistake regarding the identity of the proper responsible party, the claims in his First Amended Petition relate back to the date the original Petition was filed. *See* Fed. R. Civ. P. 15(c)(1)(C).

Fed. R. Civ. P. 15 governs when an amended pleading "relates back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1). "[W]hen it does relate back, the amended pleading itself is 'timely even though it was filed outside an applicable statute of limitations.'" *Barker v. Utah Dep't of Enviro. Quality*, No. 21-4024, 2022 WL 259955, at *2 (10th Cir. Jan. 28, 2022) (unpublished) (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010)). "Rule 15's purpose is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Alqadi v. Singh*, No. 23-CV-0364-CVE-JFJ, 2023 WL 6519270, at *2 (citing *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Because Plaintiff's First Amended Petition properly relates back to the date of the original Petition, Defendant's motion to dismiss should be denied.

### A. Plaintiff's Claims Against Defendant Smart Future Xpress Arose out of the Same Conduct, Transaction, or Occurrence Set Forth in the Original Petition – Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff's claims against Defendant Smart Future Xpress relate back to the filing of the original Petition because, under Rule 15, they "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Defendant concedes this point: "Defendant Smart does not deny that its alleged involvement relates out of the same transaction or occurrence." [Doc. No. 14 at ECF p. 6.]

In *Ennis v. HCA Health Services of Oklahoma, Inc.*, the plaintiff filed suit naming multiple defendants in a medical malpractice claim. [Ex. 8: *Ennis v. HCA Health Services of Oklahoma, Inc.*, Case No. CIV-04-682-D, 2008 WL 2510101, *1 (W.D. Okla. June 17, 2008).] Five years after the alleged malpractice – three years after the original petition was filed – the plaintiff sought to amend the petition to add radiology defendants in addition to the treating physicians and other defendants named in the complaint; the acts or omissions of the defendant radiologists also caused the plaintiff's condition because, as the plaintiff alleged *inter alia*, they allegedly failed to accurately assess the radiological reports and/or failed to accurately report the test results to her treating physicians. *Id*. Finding that the claims against the radiology defendants arose out of the same events set out in the complaint, the Court held that the claims related back to the filing of the original complaint under Fed. R. Civ. P. 15(c)(1)(B). *Id*. at *4. Similar to the instant case, the defendants in *Ennis* focused their argument mainly on subsection (c)(1)(C):

> The Court also disagrees with the radiology Defendants' contention that Fed.R.Civ.P. [15(c)(1)(C)] must be satisfied in order to permit the claims to relate back. The Advisory Committee Notes to Rule 15 reflect that subsection [(c)(1)(C)] is designed to apply to an amendment intended to correct the name of a defendant

originally named in the Complaint. According to the applicable Note, "This paragraph has been revised to change the result in *Schiavone v. Fortune*, *supra*, with respect to the problem of a misnamed defendant." Fed.R.Civ.P. 15 advisory committee's note (1991 Amendment) (emphasis added). This circuit has held that Rule [15(c)(1)(C)] applies only where an amendment changes the name of a mistakenly identified defendant. *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004). In this case, the Amended Complaint does not reflect a change in the name of a defendant; instead, it adds new claims against new defendants who were not named in the original Complaint.

Here, as in *Ennis*, Plaintiff need not meet the requirements of Fed. R. Civ. P. 15(c)(1)(C) because under subsection (1)(B) the claims against Defendant Smart Future Xpress in the First Amended Petition arose out of the very same conduct, transaction, or occurrence set forth or attempted to be set forth in the original petition. As such, they relate back to the date of the original petition. Thus, Plaintiff respectfully submits that Defendant's motion should be denied.

> **B. Even if the Claims did not Relate Back under Fed. R. Civ. P. 15(c)(1)(B), Plaintiff's Failure to Name Smart Future Xpress was Due to a Mistake of Identity under Fed. R. Civ. P. 15(c)(1)(C).**

Defendant asserts "Plaintiff cannot plead mistake to save his claims against Smart." [Doc. No. 14 at ECF p. 4.] First, Plaintiff's failure to name Smart Future Xpress in the original Petition was due to Plaintiff's understandable mistake in misidentifying the party that employed Defendant Singh and/or owned the semi-trailer truck that Defendant Singh was operating at the time of the collision. Because Defendant Singh, at various times to be more precisely ascertained during discovery, has operated as a "Carrier" with the legal name "Amandeep Singh," Plaintiff's mistake in identifying a company/owner Defendant aside from "Amandeep Singh" is quite understandable, since "Amandeep Singh" is/was a "company or owner-operator" of semi-tractor trucks, according to public record provided by FMCSA. Thus, Plaintiff's error in naming "Amandeep Singh" is akin to a "misnomer," rather than simple lack of knowledge of the proper party or inadvertent failure to file against Smart Future Xpress, another of Defendant Singh's entities. Adding Smart Future

Xpress absolutely amounts to correction of a misnomer – Plaintiff's naming of the wrong Defendant company/owner.

Thus, Defendant's argument that "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake …" is misplaced. [Doc. No. 14 at ECF p. 5.] Defendant has set forth no facts tending to show that Plaintiff made any "choice" to sue only the individual driver, Defendant Singh, instead of the correct company/owner, while "fully understanding the factual and legal differences between the two parties." As such, Defendant's motion to dismiss should be denied.

### C. Defendant's Argument Regarding Lack of Timely Notice Relies on an Outdated Version of Fed. R. Civ. P. 15 Requiring Notice within the Statute of Limitations Period.

Arguing a pre-1991 version of Rule 15, Defendant asserts without merit "[f]or an amendment to relate back, the party to be added must have received notice of the action within the period of time set forth in the applicable statute of limitation." [Doc. No. 14 at ECF p. 5.] In support of this incorrect recitation of FRCP 15, Defendant cites cases from 1984 (*Watson v. Unipress*), 1993 (*Moore v. Doe*), and 1994 (*Lundy v. Adamar of New Jersey*). [*Id.*] Defendant's argument based on an older version of Rule 15 should be disregarded:

> … Rule 15(c) has since been amended to change the result in *Schiavone v. Fortune* [ ], with respect to the problem of a misnamed defendant. Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment. In short, the 1991 amendment added the reference to Rule 4(m) in Rule 15(c)(1)(C) to clarify that the new party does not have to receive notice of the action before the statute of limitations period expires, as opposed to the period in Rule 4(m). Steven S. Gensler & Lumen N. Mulligan, Rule 15. Amended and Supplemental Pleadings, in Federal Rules of Civil Procedure, Rules and Commentary n.244 (2023 ed.)

*Cardenas v. Ever Fresh Farms Transportation, Inc.*, Case No. 23-cv-49-GKF-CDL, 2023 WL 7224170, at *3 n.3 (N.D. Okla. Nov. 2, 2023).

"In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted [ … ]" Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment. 12 O.S. § 2015(C) likewise includes a time frame for notice of the amendment that is equivalent to that allowed by 12 O.S. § 2004(I) – 180 days.

Here, since both the filing of Plaintiff's claims and actual service of the Amended Petition on Smart Future Xpress timely occurred, pre-removal, pursuant to the 180-day service period under 12 O.S. § 2004(I). Section 2004(I) requires service upon a defendant within 180 days of the filing of a petition *unless good cause is shown:*

> SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice and Section 100 of this title shall be applicable to any refiling of the action.

12 O.S. § 2004(I). Here, because good cause was shown in state court, Plaintiff was granted an extension of time to serve beyond the prescribed 180 days. Plaintiff then promptly served Defendant Smart Future Xpress well within the extended service time frame granted by the state court. Based on the advisory committee's comments to Fed. R. Civ. P. 15, the federal counterpart to 12 O.S. § 2004(I), Plaintiff's name-correcting amendment should be allowed, as it falls within the extended time frame granted by the state court for good cause. *See* Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment. As such, Defendant's motion to dismiss should be overruled.

**D. Smart Future Xpress Knew or Should Have Known that but for a Mistake in Identity the Action Would Have Been Brought Against It.**

Because Smart Future Xpress knew or should have known that, but for a mistake in identity, Plaintiff's lawsuit would have named it, relation back should be allowed. Fed. R. Civ. P. 15(c)(1)(C)(ii).[2] Regarding what the Defendant "knew," this can be actual or constructive notice: "when the named defendant and the party the plaintiff actually intended to sue have an 'identity of interest,' an amendment adding the proper party will relate back if the other requirements of Rule 15(c)(1)(C) have been satisfied." Fed. Prac. & Proc. § 1499; *see also Graves v. General Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969). As the Oklahoma Supreme Court has held, relying on federal case law, "Imputing notice in this method is widely accepted by the courts and is based on the idea that an identity of interest exists where the original party and the new party are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Pan v. Boone*, 2006 OK 57, ¶ 12, 141 P.3d 555, 560 (citing 6A Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 1499; and 3 Moore's Federal Practice, § 15.19[3][c] (3d ed.)). Thus, even if Smart Future Xpress had not received timely actual notice of the lawsuit, thanks to the state court's extension of the 12 O.S. § 2004(I) service period, constructive notice could be imputed:

> In *Traveler's Indemnity Co. v. United States for Use of Const. Specialties Co.*, the Tenth Circuit Court of Appeals held an amendment substituting a subsidiary surety company of the parent insurance carrier for the parent corporation properly related back to the original filing pursuant to the provisions of prior Rule 15(c), where the two companies were closely related; among other things they had the same managers and directors, occupied the same office and their activities supplemented one another.
>
> [ … ]

---

[2] Defendant does not argue that, due to the timing of notice, it will be prejudiced in maintaining a defense on the merits under Fed. R. Civ. P. 15(c)(1)(C)(i). Because Defendant Smart Future Xpress was properly served well within the additional 90 days allowed by the state court, Defendant cannot, and indeed does not, argue that such a small delay is prejudicial.

> The Tenth Circuit recognized that denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced does not serve the purpose of the federal rules as the ends of justice are not served when forfeiture of just claims because of technical rule is allowed, and reasoned that amendments should therefore be granted freely as justice requires, and a trial court's decision allowing an amendment should be reversed only for a clear abuse of discretion.

*Id*. at ¶¶ 13-14, 141 P.3d at 560-61 (citing 382 F.2d at 103 (10th Cir. 1967) (internal quotations omitted)).

Here, it appears that Smart Future Xpress is a company incorporated, owned, and operated by Defendant Singh. Undoubtedly, this amounts to sufficient identity of interest between Defendants Singh and Smart Future Xpress to – at minimum – impute constructive notice, although Defendant Singh's at-fault involvement in the collision amounts to actual notice to Defendant Smart Future Xpress assuming, as Plaintiff now believes, that Defendant Singh is the sole owner/operator behind Defendant Smart Future Xpress. Because Defendant Smart Future Xpress had actual or constructive notice that, but for a mistake in identity, Plaintiff would have named Smart Future Xpress in the original Petition, the claims against Defendant Smart Future Xpress relate back, and Defendant's motion to dismiss should be overruled.

    Respectfully submitted,

    SMOLEN | LAW, PLLC

    /s/Mathew Saint
    Donald E. Smolen, II, OBA #19944
    Mathew S. Saint, OBA #31873
    Dustin J. Vanderhoof, OBA #
    611 S. Detroit Ave.
    Tulsa, OK 74120
    Tel: 918-777-4529
    Fax: 918-890-4529
    don@smolen.law
    matt@smolen.law
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this, the 7th day of February 2024, the foregoing was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

                                    /s/Mathew Saint