UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ALEC HAYWARD-PREAUS,<br><br>                                  Plaintiff,<br>vs.<br><br>1) SMART FUTURE XPRESS, INC.<br>2) AMANDEEP SINGH,<br>                                 Defendants. | Case No.: 24-cv-00009-JFH-MTS<br><br>**JOINT STATUS REPORT**<br>**(FOR CASES WITH A PRESIDING**<br>**DISTRICT JUDGE)** |

**Jury Demanded**:  <u>Yes</u>   No

**I.   Summary of Claims**:

    Plaintiff alleges that on the evening of April 5, 2021, Plaintiff was driving his tow truck and legally parked on the shoulder of west-bound I-44 assisting a broken-down motorist with his emergency lights on. Defendant Singh, driving a semi tractor-trailer, was also west-bound on I-44 when he left the roadway unto the shoulder and colliding with Plaintiff's vehicle. As a result of the collision, Plaintiff was seriously injured. Defendant Singh admits that at the conclusion of the Oklahoma Highway Patrol's investigation, he was cited for reckless driving by Trooper C. Rohr in citation number N229697.

    Plaintiff alleges Defendant Singh was in violation of the law and therefore negligent per se in causing Plaintiff's injuries and, due to the reckless nature of his driving, is claiming punitive damages.  Plaintiff also alleges that Defendant Smart Future Xpress, Inc. negligently hired and entrusted Defendant Singh with the operation of the semi tractor-trailer.

    A.   Claims to be Dismissed:  None at this time.

**II.   Summary of Defenses**:

    Defendant Amandeep Singh ("Singh") states that Plaintiff has failed to state a claim upon which relief can be granted, that any alleged damages are the result of acts or omissions of plaintiff or third parties over which Singh has no control such that the defenses of contributory and comparative negligence, fault, want of due care would apply and/or it would act as a complete bar to recovery. Singh also states that he is entitled to a reduction based on these other entities fault and a determination and apportionment of fault between him and other person/entities (who may or may not be parties). He further states that Plaintiff's compensation should be offset from payment by other parties or entities and for a failure to mitigate. Singh further states that if the trier determines negligence was committed by Singh, it was a mere condition and not the cause of Plaintiff's injury. Finally, Singh states that punitive damages, as sought by Plaintiff, are unconstitutional under state and federal law.

      Smart Future Xpress, Inc. ("Smart"): Smart has filed a motion to dismiss based on statute of limitations. In the event the motion is denied, Smart will answer with the defenses stated by Singh and also a defense based on the statute of limitations.

      A.  Defenses to be Abandoned:  None at this time.

III.    **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

Dkt. 14, Smart Future Xpress, Inc.'s Motion to Dismiss. Plaintiff must respond by February 7, 2024. Smart's reply is due February 21.

IV.    **Stipulations:**

    A.  Jurisdiction Admitted:    **Yes**    No (If no, explain.)

    B.  Venue Appropriate:    **Yes**    No (If no, explain.)

    C.  Facts:  None at this time

    D.  Law:  Oklahoma Law

V.    **Proposed Deadlines:**

    A.  Parties to be Added by:  30 days after Scheduling Order entered.

    B.  Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):  October 11, 2024

        Counsel for the parties have discussed scheduling and agree that eight (8) months is appropriate to allow for necessary discovery considering the pending Motion to Dismiss Defendant Smart Future Xpress, Inc., and to accommodate for already existing hearings and trial settings in other matters.

    C.  Fact Witness Lists to be Exchanged by:
        Plaintiff: September 13, 2024
        Defendant: September 27, 2024

    D.  Proposed Date for Expert Reports by Plaintiff and Defendant:
        Plaintiff: August 16, 2024
        Defendant: August 30, 2024

VI.    **Fed. R. Civ. P. 26(f) Discovery Plan**

    A.  Should any changes be made to the timing, form, or requirements for disclosures under Rule 26(a)?
      Yes (If yes, explain.)
      **No**

B. When were or will initial disclosures under Rule 26(a)(1) be made?   By February 15, 2024.

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply  with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution.  Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner  may result in sanctions, including  prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?          Yes       **No**

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
   Yes (If yes, explain.)
**No**

E. Proposed Number of Fact and Expert Depositions:

   1. To be allowed for Plaintiff?  10 fact and 2 expert witnesses

   2. To be allowed for Defendant?  10 fact and 2 expert witnesses

F. Is there a need for any special discovery management order(s) by the Court?
   Yes (If yes, explain.)
**No**

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

VII. **Anticipated Dispositive Motions?**
     **Yes** (If yes, describe.)

Defendant Smart Future Xpress, Inc. has filed a Motion to Dismiss and will likely file a Motion for Summary Judgment on the statute of limitations in the event the former motion is denied.

   No

VIII. **Do all parties consent to trial before the assigned magistrate judge?**       Yes       **No**

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX. **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**     Yes     **No**

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. **Settlement Plan** (Check one):

  Settlement Conference Requested After:
    Describe Settlement Judge Expertise Required, If Any:

<u>X</u> <u>**Private Mediation Scheduled On**</u>:  The parties' counsel will work together to schedule a private mediation at a mutually agreeable time.

  Other ADR (Explain):

  ADR Appropriate:
    Yes
    No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

  Plaintiffs:     **Yes**     No

  Defendants:     **Yes**     No

XI. **Does this case warrant special case management?**
  Yes (If yes, explain.)
  **No**

XII. **Do the parties request that the Court hold a scheduling conference?**     Yes     **No**

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIII. **Estimated Trial Time: 5 days**

Read and approved by:

| PREPARED AND AGREED BY: | AGREED BY: |
|---|---|
| /s/ *Mathew S. Saint* | /s/ *Stuart D. Campbell* |
| Donald E. Smolen, II, OBA #19944 | Stuart D. Campbell, OBA#11246 |
| Mathew S. Saint, II, OBA #31873 | DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP |
| SMOLEN \| LAW, PLLC | 700 Williams Center Tower II |
| 611 S. Detroit Ave. | Two West Second Street |
| Tulsa, Oklahoma 74120 | Tulsa, Oklahoma 74103 |
| P: (918) 777-4LAW (4529) | P: (918) 582-1211 |
| F: (918) 890-4529 | F: (918) 591-5360 |
| don@smolen.law | scampbell@dsda.com |
| matt@smolen.law | *Attorney for Defendants Smart Future Xpress, Inc.* |
| *Attorneys for Plaintiff* | |
| | /s/ *Kaylee Patricia Davis-Maddy* |
| | Kaylee Patricia Davis-Maddy |
| | DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP |
| | 210 Park Avenue STE 1200 |
| | Oklahoma City, OK 73102 |
| | P: (918-591-5242 |
| | F: 918-925-5242 |
| | kmaddy@dsda.com |
| | *Attorney for Defendant Amandeep Singh* |