## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ALEC HAYWARD-PREAUS,                   )<br>                                                                  )<br>                          Plaintiff,          )<br>                                                                  )<br>v.                                                             )   Case No. 24-cv-00009-JFH-MTS<br>                                                                  )<br>2) SMART FUTURE XPRESS, INC.      )<br>3) AMANDEEP SINGH,                         )<br>                                                                  )<br>                          Defendants.      ) | |

### DEFENDANT SMART FUTURE XPRESS, INC'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Defendant Smart Future Xpress, Inc. ("Smart") files this reply to Plaintiff's response to its motion to dismiss, urging the Court to dismiss Plaintiff's case against Smart with prejudice pursuant to both Oklahoma and Federal law.

### BACKGROUND AND PROCEDURAL POSTURE

Defendant Smart originally filed its motion to dismiss premised on the fact Plaintiff did not sue Smart within the applicable statute of limitations and did not meet the requirements under the Federal Rule for Plaintiff's addition of Smart to relate back to the date of the original complaint. Smart's Motion focused on two main points: that Plaintiff did not file within the requisite time to bring a valid action against Smart, and that because Plaintiff could not "save" their action under the applicable test under FRCP 15, it should be dismissed. Plaintiff's response argues that the suit against Smart is not time barred because of the elements of the test argued by Defendant Smart relied on the wrong version of FRCP 15 and is not applicable. Plaintiff's arguments fail for two reasons. First, the test relied on by Defendant utilizes the earlier version of the Rule is still valid.

1

The most recent court applications of Rule 15 regarding adding *new* defendants (as here)[1] confirmed that the 1984 *Watson* test cited by Smart still applied. Thus, the citation to the earlier Rule is not an erroneous error, as Plaintiff claims, but was noting the applicable Rule when reviewing whether Plaintiff's amendment to add Smart can relate back under the 1984 test.. Additionally, Plaintiff had notice of Smart as the Motor Carrier from the beginning (as evidenced by the police report referenced in Plaintiff's Amended Petition) and therefore this is not a case of mistaken identity. As such, and in accordance with its original argument, under the applicable relation back rule of FRCP15, the relation back requirement is not satisfied and Plaintiff's claims against Smart are time-barred and should be dismissed.

## ARGUMENTS AND AUTHORITY

Under the revised Federal rule of Civil Procedure 15 (c), Plaintiff's arguments fail and his addition of Smart as a party does not relate back to the filing of the original petition. Although some of the cases cited by Defendant rely on the older version of the Rule, the 1984 test regarding relation back still applies, and Plaintiff's has not satisfied its requirements. The current Federal Rule of Civil Procedure 15 states that:

> **(c)** Relation Back of Amendments.
> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>   **(A)** the law that provides the applicable statute of limitations allows relation back;
>   **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>   **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving

---

[1] *Adams v. Gardner Constr. Grp.*, CIV-07-722-C, 2008 WL 11337960, at *1 (W.D. Okla. Apr. 16, 2008)(citing the 1984 *Watson* test); *Rains v. Westminster Coll.*, 2:20-CV-00520, 2022 WL 18635182, at *5 (D. Utah Dec. 21, 2022), *report and recommendation adopted, Rains v. Westminster Coll.*, 220CV00520JNPDAO, 2023 WL 1802001 (D. Utah Feb. 7, 2023).

>   the summons and complaint, the party to be brought in by amendment:
>   
>   **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>   
>   **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.[2]

When interpreting the test within Rule 15, in *Adams v. Gardner Constr. Grp.*, No. CIV-07-722-C, 2008 WL 11337960, at *1 (W.D. Okla. Apr. 16, 2008), the Court found that the Rule 15 relation-back test established in the 1980's still applies. There, a one-year defamation statute was at issue. However, Defendant was not named in the amended complaint until it was filed after the statute of limitations had expired. *Id.* The Court, in interpreting Rule 15 still found that for relation back, "the Plaintiff must show: "(1) same transaction or occurrence; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him," e.g. the test proposed by Smart within its Motion. *Id.* (*internal citations omitted*).

In *Adams*, the Plaintiff made a

>   bald assertion that [a defendant] was on notice of the claim, but there is no factual support for his argument. Further, Plaintiff has offered no evidence or argument suggesting that [defendant] was or should have been aware that he was accused of defamation prior to the filing of the Amended Complaint. Thus, because Plaintiff cannot satisfy the elements of Rule 15(c), his defamation claims against Ingle cannot relate back and are therefore untimely.

*Id.* (*citing Farner v. Fireman's Fund Ins. Co.,* 748 F.2d 551, 555 (10th Cir. 1984) finding that "An amendment adding a party unrelated to the original defendant does not relate back to the

---

[2] It is important to note that the difference between the Rule cited by Smart that applies to the 1984 *Watson* test and the current Rule, cited herein and cited by Plaintiff, are substantively identical. The predominant difference is the internal citation to Rule 4(m) versus the earlier Rule 4(j).

date of the original pleading if the amendment is not made within the limitations period for commencing an action against the added party. Fed. R. Civ. P. 15").

Here, it is the exact same factual scenario. Although Plaintiff is trying to confuse and conflate the issue regarding the service date, the facts remain the same. Defendant Smart had no notice of the lawsuit prior to the Amended Petition being filed after the statute of limitations had expired and cannot meet this element of the rule, therefore, Plaintiff's claims against Smart must be dismissed.

Further, in *Rains v. Westminster Coll.*, No. 2:20-CV-00520, 2022 WL 18635182, at *3 (D. Utah Dec. 21, 2022), *report and recommendation adopted*, No. 220CV00520JNPDAO, 2023 WL 1802001 (D. Utah Feb. 7, 2023), the Court interpreted the same test, which should be dispositive herein. In *Rains*, the Court examined the relation back and mistaken identity doctrine. It found that "to show an amended pleading relates back to the date of an earlier pleading, a plaintiff must establish three elements:

> (1) the amended complaint asserts a claim arising out of the same transaction or occurrence set out in the original pleading;
> (2) the new party had notice of the action before the statute of limitations expired; and
> (3) the new party knew or should have known the action would have been brought against [it] but for a mistake in identity."

*Id.* at *1. In Rains, the Plaintiff, Ms. Rains brought the action against her former employer, Westminister College and Melissa Koerner, following her termination. She asserted claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, breach of contract, defamation, and false-light invasion of privacy, among others. *Id.* After the statute had run, Ms. Rains then filed a second amended complaint, adding Richard Badenhausen as a defendant. Dr. Badenhausen held an executive position at Westminster and was the author of the alleged defamatory article. *Id.* at *2. Thereafter, Dr. Badenhausen then moved to dismiss the claims against

4

him on the grounds that they exceed the statutes of limitation. Specifically, Dr. Badenhausen argued (1) Ms. Rains' claims were barred under Utah's one-year statutes of limitation for defamation and false-light invasion of privacy, and (2) the relation-back doctrine does not apply because Dr. Badenhausen had no notice of the action before the statutes of limitation expired and Ms. Rains' failure to name Dr. Badenhausen was not due to a mistake regarding his identity. *Id*. at *3.

Instead, Dr. Badenhasuen claimed that Ms. Rains "made no mistake of identity regarding the proper defendant in this case," and Westminster College is responsible for the allegedly defamatory statements. (internal citations omitted). *Id*. at *6. Dr. Badenhausen argued that he "reasonably perceived [Ms.] Rains' decision not to sue him (but instead press her claim against Westminster) as a deliberate strategic choice, rather than a misapprehension of his role in the case." *Id.*

> [W]hether the new party knew or should have known the action would have been brought against her but for a mistake in identity hinges on "what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." "Information in the plaintiff's possession" may be relevant to the extent it bears on the "defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." Delay by the plaintiff in moving to amend may also be relevant to the defendant's understanding.

Id. at *6 (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538(2010)).

The Court further found "**when a plaintiff makes a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties**," this is the "**antithesis of making a mistake concerning the proper party's identity**." *Id.* (emphasis added). This is because "[a] prospective defendant who legitimately

5

believed that the limitations period had passed without any attempt to sue him has a strong interest in repose." *Id.*³

In examining the facts, the Court found that Ms. Rains' earlier pleading was relevant based on the information she provided about Dr. Badenhausen and her stated intent in including him, e.g. because the earlier defendant, Westminster, alleged that Dr. Badenhausen was solely liable. *Id.* *7. Additionally, the Court found that Ms. Rains knew Westminster disclaimed responsibility for the statements in the article and, after learning of Westminster's position, Ms. Rains had nearly four months remaining in the limitations period to bring claims against Dr. Badenhausen. Despite having this information necessary to decide whether to do so, Ms. Rains did not move to amend her complaint until eight months after learning of Westminster's position and four months after the statutes of limitation expired. *Id.*

Because of Ms. Rains knowledge and choices, the Court found that "Dr. Badenhausen reasonably believed Ms. Rains' failure to assert claims against him was not due to any mistake of identity on her part, but was the result of Ms. Rains' deliberate choice to sue Westminster instead." *Id.* Dr. Badenhausen relied on this belief for nearly four months after the statutes of limitation had expired, giving him a "strong interest in repose." *Id.* at *8. In examining the plaintiff's knowledge and strategic choices, the Court found that because of Ms. Rains conduct, she did not satisfy the third element under Rule 15(c)(1)(C), and that her second amended complaint did not relate back and that the claims asserted against Dr. Badenhausen were barred by the statutes of limitation. *Id.*

---

³ Not at issue within this Reply is the 'identity of interest' requirement. Plaintiff devotes part of his Response to something that could be considered an identity of interest argument, e.g. that there is an identity of interest between the new and old party such that notice could be imputed. The *Rains* court also reviewed this and found there *was* an identity of interest between Dr. Badenhausen and Westminster, finding that this "element [was] satisfied." *Id*. at *6. But dispositive to Dr. Badenhausen's motion, and Smart's herein, is that he (and, Smart here) "did not know and should not have known that he would have been sued but for a mistake of identity." Id. at *6.

Here, it is first relevant that the Plaintiff knew, or should have known, about the identity of Smart because of its identification on the truck and recognition on the police report as the motor carrier. Although Plaintiff claims that his mistake in naming "Amandeep Singh is quite understandable since Amandeep Singh is/was a "company or owner-operator,"[*Response*, p. 6, internal quotations omitted] it is not a mistake but a strategic choice. Plaintiff was aware that Smart was the entity involved, as shown on both the police report and the trailer involved in the incident. *See* Exhibit 1, Police Report; Exhibit 2, photographs of the Smart truck.[4]

Plaintiff filed his suit against Mr. Singh timely, being fully aware that Mr. Singh and Smart were different parties. Like in *Rains*, post April, Smart "legitimately believed that the limitations period had passed without any attempt to sue [it]," and as such "has a strong interest in repose." *Id.* at *6.

"[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. *Krupski*, 560 U.S. at 549. "[T]his not a case of mistaken identity but, rather, an attempt to ensure someone will be found liable." *Rains* at *7. Because Plaintiff has failed to satisfy the third element of Rule (c)(1)(C) regarding mistaken identity, his

---

[4] "[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings. However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)(internal citations omitted). Plaintiff discussed the police investigation and ticket within his Complaint, making it a fact central to his claim. Further, the accident itself is central to Plaintiff's claim and the photographs should the aftermath on Smart's side.

7

amended complaint does not relate back, and the claims against Smart Future Xpress, Inc. are barred by the statute of limitations.

## CONCLUSION

Plaintiff's claims against Defendant Smart must fail because he has failed to satisfy the relation back test elements of FRCP 15 and therefore, Defendant Smart is entitled to a full dismissal with prejudice.

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

*s/ Stuart D. Campbell*
Stuart D. Campbell, OBA No. 11246
Brian M. Keester, OBA No. 33208
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
scampbell@dsda.com
bkeester@dsda.com

and

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone (405) 319-3513
Facsimile (405) 319-3524
kmaddy@dsda.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2024, a true and correct copy of the foregoing document was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

*s/ Stuart D. Campbell*

8248385.1