IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEC HAYWARD-PREAUS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-CV-009-JFH-MTS |
| | ) |
| SMART FUTURE XPRESS, INC., and | ) |
| AMANDEEP SINGH, | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

Before the Court is Defendant Smart Future Xpress, Inc.'s Motion to Dismiss. (Docket No. 14). The motion was referred to the undersigned Magistrate Judge by United States Chief District Judge John F. Heil, III. (Docket No. 24). For the reasons discussed herein, the Court **RECOMMENDS** Defendant Smart Future Xpress, Inc.'s Motion to Dismiss be **DENIED**.

## Background and Procedural History

On April 5, 2021, Plaintiff was involved in a motor vehicle accident when a truck driven by Defendant Amandeep Singh ("Defendant Singh") rear-ended Plaintiff's tow truck. (Docket No. 14-5). Plaintiff's former counsel filed the Original Petition alleging negligence against a single defendant—Defendant Singh—in the District Court of Ottawa County on March 16, 2023. (Docket No. 14-1). On September 1, 2023, Plaintiff's current counsel filed a Motion to Extend Service Deadline, requesting a ninety-day (90) extension of the deadline to serve defendants[1], as Plaintiff was "attempting to identify an additional defendant for purposes of filing an amended complaint." (Docket No. 14-3 at 1). Notably, Plaintiff listed Defendant Smart Future Xpress, Inc. ("Defendant Smart") in the caption of his motion to extend. *Id.* The court granted Plaintiff's

---

[1] Plaintiff's original deadline to effect service of process on Defendant Singh was September 12, 2023. (Docket No. 14-3); *see* Okla. Stat. tit. 12, § 2004(I).

motion on September 5, 2023, extending his time to serve both defendants to December 11, 2023. (Docket No. 14-4). On September 21, 2023, Plaintiff filed his Amended Petition, alleging claims against both Defendants. (Docket No. 14-5). Plaintiff then served Defendant Smart on November 4, 2023, and Defendant Singh on January 4, 2024. (Docket Nos. 14 at 2; 21 at 3).

Defendants subsequently removed the case to this Court on January 10, 2024. (Docket No. 2). On January 17, 2024, Defendant Smart filed the instant motion seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and Oklahoma's corresponding state statute. (Docket No. 14). Defendant Smart argues that Plaintiff's claims against it are barred by the statute of limitations. *Id.* Additionally, Defendant Smart contends that Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 15(c)(1)(C), and therefore his claims cannot relate back to the date of his original pleading. *Id.*

In his Response in Opposition filed on February 7, 2024, Plaintiff asserts his claims against Defendant Smart are timely, he can satisfy the requirements of Rule 15(c)(1)(B), and if necessary, he can satisfy the requirements of Rule 15(c)(1)(C). (Docket No. 21 at 6, 10).

Defendant Smart filed its Reply on February 21, 2024. (Docket No. 25). As such, the matter is fully briefed and ripe for consideration.

## Discussion

### A.   Defendant Smart's Preliminary Argument

In a preliminary argument, Defendant Smart asserts that "[o]n the face of the pleadings, Plaintiff failed to bring [his] action against Smart within the proper statute of limitations and Smart is entitled to dismissal with prejudice." (Docket No. 14 at 3). Defendant Smart maintains it is entitled to dismissal because the accident occurred on April 5, 2021, and Plaintiff did not file his

Amended Petition naming Defendant Smart as a defendant until September 21, 2023, well outside the two-year deadline. *Id*.

The statute of limitations under Oklahoma law for an action for personal injury must be brought within two years of the occurrence of the injury. Okla. Stat. tit. 12, § 95(A)(3) (setting forth limitations period for "an action for injury to the rights of another, not arising on contract"). Here, the accident occurred on April 5, 2021, and Plaintiff filed his Original Petition on March 16, 2023, within the limitations period. (*See* Docket No. 14-1). He then filed his Amended Petition on September 21, 2023, wherein he named Defendant Smart as a defendant. (Docket No. 14-5). However, even if the Amended Petition was filed outside the two-year limitations period, it will still be considered timely if Plaintiff satisfies the requirements of Rule 15(c). *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."); *Barker v. Utah Dep't of Envtl. Quality*, No. 21-4024, 2022 WL 259955, at *2 (10th Cir. Jan. 28, 2022) (same); *see also Cardenas v. Ever Fresh Farms Transp., Inc.*, No. 23-CV-49-GKF-CDL, 2023 WL 7224170, at *3 n.3 (N.D. Okla. Nov. 2, 2023) ("In short, the 1991 amendment [to Rule 15(c)] added the reference to Rule 4(m) in Rule 15(c)(1)(C) to clarify that the new party does not have to receive notice of the action before the statute of limitations period expires, as opposed to the period in Rule 4(m).") (citations omitted). Thus, Defendant Smart's preliminary argument fails, as the undersigned must consider the requirements of Rule 15(c).

B.      **Application of Fed. R. Civ. P. 15(c)**

Federal Rule of Civil Procedure 15(c) sets forth the requirements for determining whether an amendment relates back to the original pleading. The statute provides as follows:

3

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

  (A) the law that provides the applicable statute of limitations allows relation back;

  (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

  (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Courts have condensed the rule into three requirements:

(1) the claim asserted against the newly designated defendant must arise out of the same conduct, transaction, or occurrence set out or attempted to be set out in the original pleading; (2) the newly designated party must have received notice of the action within the relevant service period under federal or state law, such that it will not be prejudiced in defending on the merits; and (3) it must appear that, within the service period, the newly designated defendant either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Thompson v. Dolgencorp, LLC*, 304 F.R.D. 641, 643 (E.D. Okla. 2015), citing *Coons v. Indus. Knife Co., Inc.*, 620 F.3d 38, 42 (1st Cir. 2010). The undersigned will address each of these requirements in turn.

First, it is undisputed that Rule 15(c)(1)(B) is satisfied, as Plaintiff's Amended Petition asserts a claim against Defendant Smart arising "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff,

however, makes the argument that because the requirements of Rule 15(c)(1)(B) are satisfied, the undersigned need not address the requirements of Rule 15(c)(1)(C). (Docket No. 21 at 6). Plaintiff relies upon the unpublished decision of *Ennis v. HCA Health Servs. of Okla., Inc.*, No. CIV-04-682-D, 2008 WL 2510101 (W.D. Okla. 2008), wherein the court relied upon the Advisory Committee Notes to Rule 15 and determined that Rule 15(c)(3), now Rule 15(c)(1)(C), did not need to be satisfied because "the Amended Complaint does not reflect a change in the name of a defendant; instead, it adds new claims against new defendants who are not named in the original Complaint." *Id*. at 4.

Defendant's reliance upon *Ennis* is misplaced, as the United States Supreme Court held that Rule 15(c)(1)(C) *does* apply to the addition of "a new defendant." *Krupski*, 560 U.S. at 548, n.3 ("Rule 15(c)(1)(C) speaks generally of an amendment to a 'pleading' that changes 'the party against whom a claim is asserted,' and it therefore is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant[,]" but "the latter is the 'typical case' of Rule 15(c)(1)(C)'s applicability[.]"). Later decisions by federal district courts in Oklahoma have relied upon *Krupski* and rejected arguments similar to Plaintiff's in this case. *See Thompson*, 304 F.R.D. at 643 (relying upon *Krupski* and rejecting Plaintiff's argument "that Rule 15(c)(1)(C) does not apply here, because he did not 'change[] the party or the naming of a party against whom a claim is asserted' in the language of the Rule, but instead added a party"); *Martin v. United Foodservice Equip. Ltd.*, No. CIV-14-532-SPS, 2015 WL 5737784, at *2 (E.D. Okla. Sept. 30, 2015) (relying upon *Krupski* and determining that even though the plaintiff "sought to bring in multiple additional parties[,]" that "Rule 15(c)(1)(C) does . . . govern this decision."); *see also Mikus v. Corr. Healthcare Mgmt. of Okla., Inc.*, No. 13-CV-120-JED-JFJ, 2019 WL 845416, at *5 (N.D. Okla. Feb. 20, 2019) (citing the relevant portion of *Krupski* and finding that "[r]elation

5

back in this case turns on Rule 15(c)(1)(C).").  Thus, the undersigned rejects Plaintiff's argument that he need only satisfy Rule 15(c)(1)(B).

Second, having satisfied Rule 15(c)(1)(B), the Court turns to whether Defendant Smart "received notice of the action within the relevant service period under federal or state law, such that it will not be prejudiced in defending on the merits." *Thompson*, 304 F.R.D. at 643.  Pursuant to Okla. Stat. tit. 12, § 2004(I), service of process must occur within one hundred and eighty (180) days of the filing of the petition unless good cause is shown.  In this case, the state court granted Plaintiff an extension of time to serve Defendants until December 11, 2023, and Plaintiff served Defendant Smart on November 4, 2023.  (Docket Nos. 14, 14-4).  Thus, Defendant Smart received actual notice within the relevant service period pursuant to the relevant state law.  Moreover, Defendant Smart has not asserted that it suffered any prejudice from the allegedly untimely notice.

Third, "it must appear that, within the service period, the newly designated defendant either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Thompson*, 304 F.R.D. at 643.  Defendant maintains Plaintiff cannot prove that, but for a mistake, it knew or should have known the action would have been brought against it. (Docket No. 14 at 6).  However, Plaintiff contends that he satisfied Rule 15(c)(1)(C), claiming his "error in naming 'Amandeep Singh' is akin to a 'misnomer[,]'" and, because Defendants share an "identity of interest," Defendant Smart received notice of the lawsuit. (Docket No. 21 at 6, 10).  The focus, however, is on what Defendant Smart knew or should have known, "not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 548.

It is this requirement that remains in question and therefore directs the undersigned's decision.  Although Plaintiff claims the failure to name Defendant Smart in his Original Petition

6

was a mistake, it is not clear from the pleadings that Defendant Smart knew or should have known that it would have been named a party but for a mistake concerning the proper party's identity. Therefore, because such a determination requires additional information beyond the pleadings in this case, the undersigned finds that resolution of this inquiry would be more appropriate at the summary judgment stage. *See Thompson*, 304 F.R.D. at 644 ("Inasmuch as the Supreme Court has placed the focus of inquiry on the new defendant's knowledge, a Rule 12(b)(6) motion may no longer be the proper vehicle for resolution of this issue. The court finds it is not in the case at bar. As the district court stated in *Gonzales v. Brown*, 2014 WL 4748604, at *8 (N.D. Okla. 2014), '[a]t this time, the Court concludes that the statute of limitations/relation back issues should be determined at the summary judgment stage, upon a relevant evidentiary record, rather than upon speculation as to what notice the Added Defendants had of the action and what they knew or should have known.' This court will resolve those issues if and when requested upon a motion for summary judgment after an appropriate discovery period."); *see also Martin*, 2015 WL 5737784, at *3 (declining to decide relation back issue on a motion to dismiss); *Cardenas*, 2023 WL 7224170, at *4 (same).

## Conclusion and Recommendation

Based upon the authorities relied upon herein, the undersigned Magistrate Judge **RECOMMENDS** that the Motion to Dismiss be **DENIED**. (Docket No. 14).

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this Report and Recommendation within 14 days. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before April 3, 2024. If specific written objections are timely filed, Rule 72(b)(3) directs the district judge to:

7

determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1).  The Tenth Circuit has adopted a "firm waiver rule," which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996), quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 20th day of March, 2024.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT