UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ALEC HAYWARD-PREAUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-cv-00009-JFH-MTS ) |
| 2) SMART FUTURE XPRESS, INC. 3) AMANDEEP SINGH, | ) ) ) ) |
| Defendants. | ) |

**NOTICE OF SUBPOENAS**

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Defendants intend to serve subpoenas, in the forms attached as Exhibits A and B, on May 15, 2024, after filing of this notice or as soon as service may be effectuated thereafter.

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

*s/ Kaylee Davis-Maddy*
Stuart D. Campbell, OBA No. 11246
Brian M. Keester, OBA No. 33208
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
scampbell@dsda.com
bkeester@dsda.com

and

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone (405) 319-3513
Facsimile (405) 319-3524
kmaddy@dsda.com
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that the below-signed Attorney signed the original of the above and foregoing and is maintaining the original copy at said Attorney's office, and that on May 14, 2024 a copy of this document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all parties and attorneys of record.

*s/ Kaylee Davis-Maddy*
Kaylee Davis-Maddy, Attorney for Defendants

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | |
|---|---|
| 1) ALEC HAYWARD-PREAUS, <br> *Plaintiff* <br> v. <br> 2) SMART FUTURE XPRESS, INC. <br> 3) AMANDEEP SINGH, <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 24-cv-00009-JFH-MTS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Copart, 2408 W. 21st Street, Tulsa, OK 74107

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Doerner, Saunders, Daniel & Anderson, LLP <br> Two West Second Street, Suite 700 <br> Tulsa, OK 74103-3117 | Date and Time: <br> 06/03/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2024

*CLERK OF COURT*

OR

_____            s/Kaylee Davis-Maddy
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Smart Future Xpress, Inc. and Amandeep Singh , who issues or requests this subpoena, are:

Kaylee Davis-Maddy, 210 Park Ave., Ste. 1200, Oklahoma City, OK 73102; kmaddy@dsda.com; 405-319-3513

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-00009-JFH-MTS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A-1

## Definitions and Instructions

1. "Documents" as used herein means and includes without limitation any kind of written, printed, typed, recorded, electronic, graphic, photographed, or photocopied matter, including all non-identical copies and drafts of such matter, attachments to or enclosures with such matter. "Documents" includes all electronically stored information and accompanying metadata stored in any medium, and includes, without limitation, all text messages, emails, electronic messages, electronic communications in any form or format, and voice over IP communications and phone calls.

2. "Incident" as used herein means the car collision which occurred on April 5, 2021 on I-44 involving Plaintiff, Alec Hayward-Preus's tow truck and Defendants' semi-truck and trailer (defined below).

3. "Trailer" as used herein means the vanguard trailer with a VIN of 5V8VC5324MM108253, which was towed to Your facility.

4. "Semi-truck" as used herein means the 2016 Freightliner (Cascadia tractor) with a VIN of 3AKJGLD54GSGT0183, which was towed to Your facility.

5. In order to allow objections to the production of documents and things to be filed, you should not mail or produce them until the date specified and if an objection is filed, you should not mail or produce them until the Court rules on the objection. Otherwise, you are instructed to mail such items to Stuart D. Campbell and Kaylee P. Davis-Maddy at Two West Second St., Suite 700, Tulsa, OK 74103, counsel for Defendants Smart Future Xpress, Inc. and Amandeep Singh, on May 20, 2024.

6. In the event you have questions or need further information, please contact Kaylee P. Davis-Maddy, Attorney at 405-319-3513.

7. In the event you withhold any documents or other materials on grounds of privilege or otherwise, please provide a list of such documents or items and as to each such document or item, identify: (a) the date; (b) the author; (c) the addressee; (d) the nature of the document or item withheld; and (e) the grounds upon which the document or item is being withheld.

## Documents and Items to be Produced

1. All documents related to the Incident.

2. All documents related to the semi-truck and trailer that were towed to Your facility.

3. All documents related to any communication with Defendants Smart Future Xpress, Inc. and Amandeep Singh or their agents regarding the Incident.

1

4. All documents related to any communication with Defendants Smart Future Xpress, Inc. and Amandeep Singh or their agents regarding the semi-truck or trailer.

5. All documents related to any communication with Plaintiff Alec Hayward-Preaus or their agents regarding the Incident or the semi-truck or trailer

6. Any photographs or videos taken of the scene of the Incident or vehicles involved in the Incident.

7. Notes or summaries of notes taken by anyone regarding the Incident or the vehicles involved in the Incident.

8. Any documents evidencing Defendants or their agents visiting any of your locations.

9. All documents related to any items inside the semi-truck or trailer.

10. Any inventories of items inside the semi-truck and/or any items collected inside the semi-truck.

11. A list of any evidence you may have collected at the scene of the Incident.

12. Documentation supporting the whereabouts of the items inside the semi-truck after towing.

13. All policies regarding the retention and disposal of items inside vehicles after towing.

14. Documentation supporting the whereabouts of the items inside the semi-truck after sale.

15. Documentation supporting the whereabouts of the items inside the semi-truck after sale but before delivery to the buyer.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | |
|---|---|
| 1) ALEC HAYWARD-PREAUS,<br>*Plaintiff*<br>v.<br>2) SMART FUTURE XPRESS, INC.<br>3) AMANDEEP SINGH,<br>*Defendant* | Civil Action No. 24-cv-00009-JFH-MTS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Santa Fe Tow Service, 69215 East 15th Rd., Quapaw, OK 74363

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Doerner, Saunders, Daniel & Anderson, LLP<br>Two West Second Street, Suite 700<br>Tulsa, OK 74103-3117 | Date and Time:<br>06/03/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2024

*CLERK OF COURT*

OR

_____        s/Kaylee Davis-Maddy
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Smart Future Xpress, Inc. and Amandeep Singh , who issues or requests this subpoena, are:

Kaylee Davis-Maddy, 210 Park Ave., Ste. 1200, Oklahoma City, OK 73102; kmaddy@dsda.com; 405-319-3513

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-00009-JFH-MTS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B-1**

**Definitions and Instructions**

1. "Documents" as used herein means and includes without limitation any kind of written, printed, typed, recorded, electronic, graphic, photographed, or photocopied matter, including all non-identical copies and drafts of such matter, attachments to or enclosures with such matter. "Documents" includes all electronically stored information and accompanying metadata stored in any medium, and includes, without limitation, all text messages, emails, electronic messages, electronic communications in any form or format, and voice over IP communications and phone calls.

2. "Incident" as used herein means the car collision which occurred on April 5, 2021 on I-44 involving Plaintiff, Alec Hayward-Preaus's tow truck and Defendants' semi-truck and trailer (defined below).

3. "Trailer" as used herein means the vanguard trailer with a VIN of 5V8VC5324MM108253, which was towed to Your facility.

4. "Semi-truck" as used herein means the 2016 Freightliner (Cascadia tractor) with a VIN of 3AKJGLD54GSGT0183, which was towed to Your facility.

5. In order to allow objections to the production of documents and things to be filed, you should not mail or produce them until the date specified and if an objection is filed, you should not mail or produce them until the Court rules on the objection. Otherwise, you are instructed to mail such items to Stuart D. Campbell and Kaylee P. Davis-Maddy at Two West Second St., Suite 700, Tulsa, OK 74103, counsel for Defendants Smart Future Xpress, Inc. and Amandeep Singh, on May 20, 2024.

6. In the event you have questions or need further information, please contact Kaylee P. Davis-Maddy, Attorney at 405-319-3513.

7. In the event you withhold any documents or other materials on grounds of privilege or otherwise, please provide a list of such documents or items and as to each such document or item, identify: (a) the date; (b) the author; (c) the addressee; (d) the nature of the document or item withheld; and (e) the grounds upon which the document or item is being withheld.

**Documents and Items to be Produced**

1. All documents related to the Incident.

2. All documents related to the semi-truck and trailer that were towed to Your yard in Quapaw, OK.

1

3. All documents related to any communication with Defendants Smart Future Xpress, Inc. and Amandeep Singh or their agents regarding the Incident.

4. All documents related to any communication with Defendants Smart Future Xpress, Inc. and Amandeep Singh or their agents regarding the semi-truck or trailer.

5. All documents related to any communication with Plaintiff Alec Hayward-Preaus or their agents regarding the Incident or the semi-truck or trailer

6. Any photographs or videos taken of the scene of the Incident or vehicles involved in the Incident.

7. Notes or summaries of notes taken by anyone regarding the Incident or the vehicles involved in the Incident.

8. Any documents evidencing Defendants or their agents visiting any of your locations.

9. All documents related to any items inside the semi-truck or trailer.

10. Any inventories of items inside the semi-truck and/or any items collected inside the semi-truck.

11. A list of any evidence you may have collected at the scene of the Incident.

12. Documentation supporting the whereabouts of the items inside the semi-truck after towing.

13. All policies regarding the retention and disposal of items inside vehicles after towing.